UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROLANDO RIVERA                                              CIVIL ACTION

VERSUS                                                      NO: 06-8904

STATE FARM INSURANCE COMPANY                                SECTION: "K"(1)

### ORDER

Before the Court is Plaintiff's Motion to Remand (Rec.Doc.No. 6), wherein Plaintiff contends that the amount in controversy requirement is not met for the purposes of exercising subject matter jurisdiction under 28 U.S.C. § 1332 (diversity). The Court has previously addressed the amount in controversy requirement in the context of a motion to remand in *Rush v. American Security Ins. Co.*, No. 06-5345 (E.D. La. removed Aug. 28, 2006). In *Rush*, the Court held that if it is not facially apparent from the state court pleading that the amount in controversy exceeds $75,000, then the defendant must show by a preponderance of evidence that such is the case. *Id.*, at p. 6.

Here, it is not apparent from the face of the petition that the amount in controversy exceeds $75,000, and Defendant offers no evidence to support its allegation that the amount in controversy requirement is met. Defendant simply alleges that the policy limits exceed $75,000 without any evidence establishing the potential value of the claim. Defendant also claims the

amount in controversy requirement is met by virtue of the fact that Plaintiff seeks attorney's fees and penalties. These allegations do not satisfy Defendant's burden of showing by a preponderance of evidence that the amount in controversy exceeds $75,000. Following the standards set forth in *Rush*, the Court finds that removal was improper and jurisdiction does not exist under 28 U.S.C. § 1332.

Defendant also removed the action maintaining that subject matter jurisdiction exists over the proceeding under 28 U.S.C. §§ 1369 and 1441(e)(1)(B). This Court as well as other courts of this district have held that Hurricane Katrina is not a "single accident" under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). For the reasons set forth in *Flint v. Louisiana Farm Bureau Mut. Ins. Co.*, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) and *Johnson v. State Farm Fire & Cas. Co.*, No. 06-6248, (E.D. La. Nov. 28, 2006), the Court finds that Plaintiff's motion has merit. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec.Doc.No. 6) is **GRANTED** and the case is **REMANDED**.

New Orleans, Louisiana, on this __5th__ day of March, 2007.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**